DAVID L. PRESSLAFF, JULIA N. PRESSLAFF, ALLAN PRESSLAFF, AN INFANT, BY DAVID PRESSLAFF, AS NEXT FRIEND, AND JOHN ZVIRBLIS, PLAINTIFFS-RESPONDENTS, v. JOSEPHINE GALLO, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Mark Townsend, Jr.*

For the respondents, *Mortimer Neuman.*

The opinion of the court was delivered by

KAYS, J. This case was tried at the Hudson Circuit before Judge Ackerson and a jury.

The action was for compensation for damages resulting from an automobile accident which occurred on August 25th, 1932. The plaintiffs occupied an automobile owned and

driven by one of the plaintiffs, John Zvirblis. The Zvirblis car collided with two other cars, one owned by the defendant, Josephine Gallo, and the other owned by one, Ross. One of the automobiles involved in the accident was a truck and the proofs show that as to this truck the license was in the name of Josephine Gallo and that she had paid the money for the truck. However, her husband, Joseph Gallo, had signed the notes in payment of the truck and was making payments on the installment plan. The truck was used in his business and at the time of the accident was driven by his employe, John Chilselko. The complaint alleged that Josephine Gallo was operating the truck by her agent and servant at the time the accident occurred and that she was the owner of the automobile. The answer which was filed by her attorney of record, William A. Davenport, admitted the ownership of the automobile and denied the balance of the allegation in the complaint. The plaintiffs' attorney served interrogatories on the defendant concerning the ownership and operation of the automobile admitted to be owned by Josephine Gallo. Instead of answering the interrogatories Mr. Davenport wrote a letter to plaintiff's attorney stating as follows: "Defendant, Josephine Gallo, will admit ownership of the automobile and operation thereof at the time of trial In accordance with our agreement, this admission will dispense with the answering of interrogatories." It appears that Mr. Mark Townsend became an attorney in the case on the part of the defendant although there is nothing in the record to disclose that he was substituted as attorney of record. Nevertheless he appeared at the trial and represented the defendant. Prior to the trial the letter was addressed to Mr. Townsend, asking him whether he admitted that the car was operated by authority of the defendant, Josephine Gallo, to which Mr. Townsend replied that Josephine Gallo was not in fact the owner of the automobile but that the license was issued in her name and that it was not being operated in her behalf or on her business at the time of the accident. It does not appear by what authority Mr. Townsend took part in the trial of the case. The letter above referred to, signed

by Mr. Davenport, the attorney of record, was admitted in evidence. The trial judge submitted the case to the jury on a question of fact as to whether or not the defendant, Josephine Gallo, was the owner of the car and whether or not the same was being operated by her agent and servant at the time of the accident. A motion was made for a direction of a verdict on the theory that the responsibility of Josephine Gallo for the operation of the truck was not a jury question as aforesaid. From this ruling of the court the defendant appeals here.

We are of the opinion that the trial judge properly ruled and that the questions as to whether or not Josephine Gallo was the owner of the truck and whether or not the truck at the time of the accident was being operated by her agent and servant were for the jury to determine. Counsel for appellant argues that the letter of Mr. Townsend was a withdrawal of the admission set out in the letter of Mr. Davenport. There is nothing in the case to show that such was the fact. Under the Practice act of 1912 the court may allow the withdrawal of such an admission on terms and, of course, upon notice. There is nothing in the record to indicate that such steps were taken. Whether or not such steps were taken, such an admission, after being made in reply to interrogatories and admitted in evidence, would stand as part of the record in the case. This case is similar to the case of Shields *v.* Yellow Cab, Inc., decided by this court and reported in 113 *N. J. L.* 479, and is controlled by the case of *Warsley* v. *Brtan,* 114 *Id.* 36.

The judgment under review is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.